# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

In Re: Don Karl Juravin

DON KARL JURAVIN,

        Appellant,

v.                                                                                  Case No:   5:23-cv-164-GAP

DENNIS D. KENNEDY,

        Appellee.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court without oral argument on appeal from the United States Bankruptcy Court for the Middle District of Florida. Appellant Don Karl Juravin (the "Debtor") appeals the Bankruptcy Court's Order granting in part and denying in part his *pro se* Motion to Unseal Documents, for Contempt, to Compel, and for Removal of the Chapter 7 Trustee ("Motion"). With the parties' briefing complete (Docs. 12 & 15), the matter is ripe for disposition.

### I. Background

This appeal arises from the execution of a "break order" in connection with the Debtor's Chapter 7 bankruptcy proceedings. Following difficulties obtaining discovery from the Debtor, the Appellee and Chapter 7 Trustee,

Dennis D. Kennedy (the "Trustee"), filed an ex parte motion for a break order to search the Debtor's home for documents, electronic data, and certain assets that may be part of the bankruptcy estate. The Bankruptcy Court granted that motion, and on May 5, 2021, the Trustee executed the Break Order in the presence of the Debtor's wife, Anna Juravin ("Mrs. Juravin"). *See In re Juravin*, No. 6:21-cv-1922-GAP, 2022 WL 846074, at *1 (M.D. Fla. Mar. 22, 2022). The Trustee filed an inventory with the Bankruptcy Court listing all the items obtained during the execution of the Break Order. *Id.*

Five months later, the Debtor and Mrs. Juravin, through their counsel, filed a motion seeking the removal of the Trustee, the disqualification of his counsel, and a protective order relating to evidence obtained during the execution of the Break Order. *Id.* On October 18, 2021, the Debtor and Mrs. Juravin filed an amended motion seeking the same relief. *Id.* On November 9, 2021, the Bankruptcy Court held a hearing where it heard argument and denied the motion. *See In re Juravin*, 6:18-bk-6821-LVV, Doc. 669-1 at 37 (Br. M.D. Fla. Dec. 29, 2021). Mrs. Juravin appealed the Bankruptcy Court's denial of the motion, and, on March 22, 2022, this Court affirmed the Bankruptcy Court. *See In re Juravin*, 2022 WL 846074, at *1.

Nearly a year later, the Debtor—now proceeding *pro se*—filed the instant Motion. *See* Doc. 12 at 16-24 (Motion filed on January 9, 2023). The Debtor asked

the Bankruptcy Court to unseal the motion for a break order or provide copies to the Debtor, to require the Trustee to file a report detailing the assets he uncovered in executing the Break Order, and to remove the Trustee from the case and disqualify the Trustee's counsel. *Id.* On February 1, 2023, the Bankruptcy Court granted the Debtor's Motion in part, directing the clerk to unseal certain filings and any hearing record related to the Break Order. *Id.* at 40-41. The Bankruptcy Court denied the Debtor's Motion in all other respects, and it directed the Debtor to cease requesting removal of the Trustee or the Trustee's counsel, warning him that it may impose sanctions against him if he fails to comply. *Id.* The Debtor now appeals the Bankruptcy Court's ruling.

## II.     Legal Standard

Bankruptcy court orders removing or denying the removal of the trustee are final, appealable orders. *See In re Walker*, 515 F.3d 1204, 1210–11 (11th Cir. 2008) ("[T]he removal of a bankruptcy trustee is a 'final' order appealable to this Court."); *see also In re Steffen*, No. 8:09-cv-353-JDW, 2011 WL 13174777, at *2 (M.D. Fla. Oct. 12, 2011) (concluding that the Eleventh Circuit's reasoning with respect to orders removing the trustee "applies with equal force to orders denying the removal of a trustee"). Therefore, district courts have jurisdiction to hear appeals of such orders. *See* 28 U.S.C. § 158(a)(1).

A bankruptcy court's denial of a motion to remove a trustee is reviewed for

abuse of discretion. *See In re Steffen*, 2011 WL 13174777, at *3 (citing *In re AFI Holding, Inc.*, 530 F.3d 832, 844 (9th Cir. 2008)). And a bankruptcy court's ruling on employment of counsel is also reviewed for abuse of discretion, as is a bankruptcy court's ruling with respect to sanctions. *See In re Cecil*, 8:12-cv-958-T-27, 2012 WL 3231321, at *2 (M.D. Fla. Aug. 3, 2012) (collecting cases); *In re Adell*, 296 F. App'x 837, 839 (11th Cir. 2008).[1]

A court "abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Torres v. First Transit, Inc.*, 979 F.3d 876, 881 (11th Cir. 2020) (quoting *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010)) (internal quotation marks omitted). "A 'clear error in judgment' is also an abuse of discretion." *Id.* (quoting *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

### III.   Analysis

In yet another frivolous appeal, the Debtor requests relief that both the Bankruptcy Court and this Court have already determined is unwarranted. *See In re Juravin*, 2022 WL 846074. As an initial matter, the Debtor's underlying Motion includes no more than cursory references to the issue that he focuses on in his

---

[1] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36–2.

appeal. In his briefing on appeal, the Debtor focuses on the Bankruptcy Court's alleged refusal to sanction the Chapter 7 Trustee and his attorneys for failing to serve the Debtor with a copy of both the Trustee's Renewed and Supplemental Motion for issuing a "Break Order" and the resulting Break Order. *See* Doc. 12 at 16-24. However, the Debtor's underlying Motion focused on two different requests: (1) that the Court unseal the Trustee's Renewed and Supplemental Motion for issuing a "Break Order"—a request which the Court *granted*—and (2) that the Court remove the Trustee and his counsel. *See id.*; *see also* Doc. 1-1 at 5-6.

The Debtor's shift in focus on appeal seemingly relates to the Bankruptcy Court's direction that the Debtor "cease requesting removal of the Trustee or Trustee's counsel" and statement that, if he failed to comply, the Bankruptcy Court "may impose sanctions against the Debtor, including but not limited to, attorney's fees and costs." *Id.* at 6; *see also* Doc. 12 at 11. The Debtor also takes issue with this warning in his briefing; specifically, he asserts that the "Bankruptcy Court not only failed to impose a warranted sanction against a party, it then found a way to threaten the party seeking relief." Doc. 12 at 5, 10.

The Debtor's appeal is meritless. Assuming the Debtor preserved the arguments he raises on appeal,[2] the Bankruptcy Court did not abuse its discretion

---

[2] "[I]f the record reflects an issue was presented in a cursory manner and never properly presented to the Bankruptcy Court, the issue is not preserved for appeal." *In re Monetary Grp.*, 91

when it chose not to impose sanctions against the Trustee or his counsel and instead reprimanded the Debtor for again seeking their removal. As even the Debtor recognizes, the Bankruptcy Court has significant discretion in determining whether (or not) to impose sanctions. *See* Doc. 12 at 12; *In re Adell*, 296 F. App'x at 839–40.

"The bankruptcy court's power to sanction 'must be exercised with restraint and discretion.'" *In re Adell*, 296 F. App'x at 839 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991)). Here, the Bankruptcy Court appropriately exercised restraint and discretion when it declined to sanction the Trustee and his counsel and reprimanded the Debtor. This is particularly true considering (1) that the Bankruptcy Court unsealed the Trustee's Renewed and Supplemental Motion for issuing a "Break Order," as well as the record of any hearing related to it, at the Debtor's request,[3] and (2) that the Bankruptcy Court and this Court have previously denied the Debtor's request for the removal of the Trustee and his counsel. Given the circumstances, the Bankruptcy Court clearly did not abuse its discretion.[4]

---

B.R. 138, 140 (M.D. Fla. 1988) (citing *In re Espino*, 806 F.2d 1001, 1002 (11th Cir. 1986)).

[3] It is worth noting that the Bankruptcy Court's granting of this request was magnanimous, especially considering the Trustee's evidence, which appears to demonstrate that counsel for the Trustee emailed copies of the Trustee's Renewed and Supplemental Motion for issuing a Break Order and the resulting Break Order to the Debtor's prior counsel the day after the Break Order was executed. *See* Doc. 10-19 at 8-10 (Email from Lauren Schindler to Aldo Bartolone dated May 6, 2021) and Doc. 10-11 (Trustee's Notice of Compliance with Break Order [502], dated May 17, 2021).

[4] The Debtor's instant appeal constitutes another "abusive and frivolous filing" stemming from his underlying bankruptcy proceeding in 6:18-bk-06821-LVV. *See In re: Vexatious Litigants in*

### IV. Conclusion

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Bankruptcy Court's Order is **AFFIRMED**. The Clerk is hereby **ORDERED** to enter judgment for the Trustee.

Additionally, the Debtor is **ORDERED** to show cause as to why sanctions should not be imposed pursuant to Federal Rule of Bankruptcy Procedure 8020 due to his filing of this frivolous appeal. The Debtor shall file a written response within fourteen days of the date of this order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 19, 2023.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

*the Orlando Division*, 6:23-mc-03-RBD, at 1. The Debtor is reminded that this Court "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others," *id.* (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)), and is "authorized to restrict access to vexatious and abusive litigants." *Id.* (quoting *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015)).