# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Golden-Collum Memorial Federal Building & U.S. Courthouse
207 NW Second Street
Ocala, Florida 34475
(352) 369-4860

Elizabeth M. Warren                                                                          Lisa Fannin
Clerk of Court                                                                          Division Manager

**DATE:** October 3, 2023

**TO:** Clerk, U.S. Court of Appeals for the Eleventh Circuit

**DON KARL JURAVIN,**

> **Appellant,**

**v.**                                                                          **Case No: 5:23-cv-164-GAP**

**DENNIS D. KENNEDY**

> **Appellee.**

---

**U.S.C.A. Case No:**                  **NEW APPEAL**

Enclosed are documents and information relating to an appeal in the above-referenced action. Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Gregory A. Presnell, United States District Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals. If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from. Opinion was not entered orally.

ELIZABETH M. WARREN, CLERK

By:      s/L.Kirkland, Deputy Clerk

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION


DON KARL JURAVIN,

      Appellant,

v.                           Case No: **5:23-CV-00164-GAP**

DENNIS D. KENNEDY, TRUSTEE

      Appellee.


NOTICE OF APPEAL TO THE COURT OF APPEALS FROM AN ORDER FROM A DISTRICT COURT

Appellant, Don Karl Juravin, proceeding Pro Se, hereby hereby files this Notice of

Appeal to the Eleventh Circuit Court of Appeal from the Order entered by the District

Court on September 19, 2023.


Dated: October 2, 2023.                        Respectfully submitted,

                                            _____/

                                   Don Juravin /*Pro Se*/

                                   15118 Pendio Dr.,

                               Bella Collina, FL 34756

                                    8138105100

                                  Don@Juravin.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2023, a true and correct copy of the foregoing has

been furnished as follows:

By electronic mail to:

Dennis D. Kennedy, Trustee, dan@ddkennedy.com;

James D. Ryan, Esq., jdr@ryanlawgroup.net;

Brad Saxton, Esq., saxton@whww.com;

Lauren M. Reynolds, Esq., lreynolds@whww.com;

Don Juravin /*Pro Se*/
15118 Pendio Dr.,
Bella Collina, FL 34756
8138105100
Don@Juravin.com

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

In Re: Don Karl Juravin

DON KARL JURAVIN,

                Appellant,

v.                                        Case No:   5:23-cv-164-GAP

DENNIS D. KENNEDY,

                Appellee.

---

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court without oral argument on appeal from the United States Bankruptcy Court for the Middle District of Florida. Appellant Don Karl Juravin (the "Debtor") appeals the Bankruptcy Court's Order granting in part and denying in part his *pro se* Motion to Unseal Documents, for Contempt, to Compel, and for Removal of the Chapter 7 Trustee ("Motion"). With the parties' briefing complete (Docs. 12 & 15), the matter is ripe for disposition.

### I.    Background

This appeal arises from the execution of a "break order" in connection with the Debtor's Chapter 7 bankruptcy proceedings. Following difficulties obtaining discovery from the Debtor, the Appellee and Chapter 7 Trustee,

Dennis D. Kennedy (the "Trustee"), filed an ex parte motion for a break order to search the Debtor's home for documents, electronic data, and certain assets that may be part of the bankruptcy estate. The Bankruptcy Court granted that motion, and on May 5, 2021, the Trustee executed the Break Order in the presence of the Debtor's wife, Anna Juravin ("Mrs. Juravin"). *See In re Juravin*, No. 6:21-cv-1922-GAP, 2022 WL 846074, at *1 (M.D. Fla. Mar. 22, 2022). The Trustee filed an inventory with the Bankruptcy Court listing all the items obtained during the execution of the Break Order. *Id.*

Five months later, the Debtor and Mrs. Juravin, through their counsel, filed a motion seeking the removal of the Trustee, the disqualification of his counsel, and a protective order relating to evidence obtained during the execution of the Break Order. *Id.* On October 18, 2021, the Debtor and Mrs. Juravin filed an amended motion seeking the same relief. *Id.* On November 9, 2021, the Bankruptcy Court held a hearing where it heard argument and denied the motion. *See In re Juravin*, 6:18-bk-6821-LVV, Doc. 669-1 at 37 (Br. M.D. Fla. Dec. 29, 2021). Mrs. Juravin appealed the Bankruptcy Court's denial of the motion, and, on March 22, 2022, this Court affirmed the Bankruptcy Court. *See In re Juravin*, 2022 WL 846074, at *1.

Nearly a year later, the Debtor—now proceeding *pro se*—filed the instant Motion. *See* Doc. 12 at 16-24 (Motion filed on January 9, 2023). The Debtor asked

the Bankruptcy Court to unseal the motion for a break order or provide copies to the Debtor, to require the Trustee to file a report detailing the assets he uncovered in executing the Break Order, and to remove the Trustee from the case and disqualify the Trustee's counsel. *Id.* On February 1, 2023, the Bankruptcy Court granted the Debtor's Motion in part, directing the clerk to unseal certain filings and any hearing record related to the Break Order. *Id.* at 40-41. The Bankruptcy Court denied the Debtor's Motion in all other respects, and it directed the Debtor to cease requesting removal of the Trustee or the Trustee's counsel, warning him that it may impose sanctions against him if he fails to comply. *Id.* The Debtor now appeals the Bankruptcy Court's ruling.

## II.    Legal Standard

Bankruptcy court orders removing or denying the removal of the trustee are final, appealable orders. *See In re Walker*, 515 F.3d 1204, 1210–11 (11th Cir. 2008) ("[T]he removal of a bankruptcy trustee is a 'final' order appealable to this Court."); *see also In re Steffen*, No. 8:09-cv-353-JDW, 2011 WL 13174777, at *2 (M.D. Fla. Oct. 12, 2011) (concluding that the Eleventh Circuit's reasoning with respect to orders removing the trustee "applies with equal force to orders denying the removal of a trustee"). Therefore, district courts have jurisdiction to hear appeals of such orders. *See* 28 U.S.C. § 158(a)(1).

A bankruptcy court's denial of a motion to remove a trustee is reviewed for

abuse of discretion. *See In re Steffen*, 2011 WL 13174777, at *3 (citing *In re AFI Holding, Inc.*, 530 F.3d 832, 844 (9th Cir. 2008)). And a bankruptcy court's ruling on employment of counsel is also reviewed for abuse of discretion, as is a bankruptcy court's ruling with respect to sanctions. *See In re Cecil*, 8:12-cv-958-T-27, 2012 WL 3231321, at *2 (M.D. Fla. Aug. 3, 2012) (collecting cases); *In re Adell*, 296 F. App'x 837, 839 (11th Cir. 2008).[1]

A court "abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Torres v. First Transit, Inc.*, 979 F.3d 876, 881 (11th Cir. 2020) (quoting *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010)) (internal quotation marks omitted). "A 'clear error in judgment' is also an abuse of discretion." *Id.* (quoting *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

### III.    Analysis

In yet another frivolous appeal, the Debtor requests relief that both the Bankruptcy Court and this Court have already determined is unwarranted. *See In re Juravin*, 2022 WL 846074. As an initial matter, the Debtor's underlying Motion includes no more than cursory references to the issue that he focuses on in his

---

[1] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

appeal. In his briefing on appeal, the Debtor focuses on the Bankruptcy Court's alleged refusal to sanction the Chapter 7 Trustee and his attorneys for failing to serve the Debtor with a copy of both the Trustee's Renewed and Supplemental Motion for issuing a "Break Order" and the resulting Break Order. *See* Doc. 12 at 16-24. However, the Debtor's underlying Motion focused on two different requests: (1) that the Court unseal the Trustee's Renewed and Supplemental Motion for issuing a "Break Order"—a request which the Court *granted*—and (2) that the Court remove the Trustee and his counsel. *See id.*; *see also* Doc. 1-1 at 5-6.

The Debtor's shift in focus on appeal seemingly relates to the Bankruptcy Court's direction that the Debtor "cease requesting removal of the Trustee or Trustee's counsel" and statement that, if he failed to comply, the Bankruptcy Court "may impose sanctions against the Debtor, including but not limited to, attorney's fees and costs." *Id.* at 6; *see also* Doc. 12 at 11. The Debtor also takes issue with this warning in his briefing; specifically, he asserts that the "Bankruptcy Court not only failed to impose a warranted sanction against a party, it then found a way to threaten the party seeking relief." Doc. 12 at 5, 10.

The Debtor's appeal is meritless. Assuming the Debtor preserved the arguments he raises on appeal,[2] the Bankruptcy Court did not abuse its discretion

---

[2] "[I]f the record reflects an issue was presented in a cursory manner and never properly presented to the Bankruptcy Court, the issue is not preserved for appeal." *In re Monetary Grp.*, 91

when it chose not to impose sanctions against the Trustee or his counsel and instead reprimanded the Debtor for again seeking their removal. As even the Debtor recognizes, the Bankruptcy Court has significant discretion in determining whether (or not) to impose sanctions. *See* Doc. 12 at 12; *In re Adell*, 296 F. App'x at 839–40.

"The bankruptcy court's power to sanction 'must be exercised with restraint and discretion.'" *In re Adell*, 296 F. App'x at 839 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991)). Here, the Bankruptcy Court appropriately exercised restraint and discretion when it declined to sanction the Trustee and his counsel and reprimanded the Debtor. This is particularly true considering (1) that the Bankruptcy Court unsealed the Trustee's Renewed and Supplemental Motion for issuing a "Break Order," as well as the record of any hearing related to it, at the Debtor's request,[3] and (2) that the Bankruptcy Court and this Court have previously denied the Debtor's request for the removal of the Trustee and his counsel. Given the circumstances, the Bankruptcy Court clearly did not abuse its discretion.[4]

---

B.R. 138, 140 (M.D. Fla. 1988) (citing *In re Espino*, 806 F.2d 1001, 1002 (11th Cir. 1986)).

[3] It is worth noting that the Bankruptcy Court's granting of this request was magnanimous, especially considering the Trustee's evidence, which appears to demonstrate that counsel for the Trustee emailed copies of the Trustee's Renewed and Supplemental Motion for issuing a Break Order and the resulting Break Order to the Debtor's prior counsel the day after the Break Order was executed. *See* Doc. 10-19 at 8-10 (Email from Lauren Schindler to Aldo Bartolone dated May 6, 2021) and Doc. 10-11 (Trustee's Notice of Compliance with Break Order [502], dated May 17, 2021).

[4] The Debtor's instant appeal constitutes another "abusive and frivolous filing" stemming from his underlying bankruptcy proceeding in 6:18-bk-06821-LVV. *See In re: Vexatious Litigants in*

- 6 -

## IV. Conclusion

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Bankruptcy Court's Order is **AFFIRMED**. The Clerk is hereby **ORDERED** to enter judgment for the Trustee.

Additionally, the Debtor is **ORDERED** to show cause as to why sanctions should not be imposed pursuant to Federal Rule of Bankruptcy Procedure 8020 due to his filing of this frivolous appeal. The Debtor shall file a written response within fourteen days of the date of this order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 19, 2023.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

the Orlando Division, 6:23-mc-03-RBD, at 1. The Debtor is reminded that this Court "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others," *id.* (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)), and is "authorized to restrict access to vexatious and abusive litigants." *Id.* (quoting *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015)).

APPEAL, BANKRUPTCY

**U.S. District Court**
**Middle District of Florida (Ocala)**
**CIVIL DOCKET FOR CASE #: 5:23-cv-00164-GAP**

Juravin v. Kennedy
Assigned to: Judge Gregory A. Presnell
Case in other court: Bankruptcy Court, 6:18-bk-6821
Cause: 28:0158 Bankruptcy Appeal from Judgment/Order

Date Filed: 03/08/2023
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal (801)
Jurisdiction: Federal Question

**In Re**

**Don Karl Juravin**
*also known as*
Don Adi Juravin

**Appellant**

**Don Karl Juravin**                                             represented by **Don Karl Juravin**
                                                                 15118 Pendio Drive
                                                                 Montverde, FL 34756
                                                                 PRO SE

V.

**Appellee**

**Dennis D. Kennedy**                                            represented by **Lauren Marie Reynolds**
                                                                 Winderweedle, Haines, Ward & Woodman, PA
                                                                 329 Park Avenue North, 2nd Floor
                                                                 Winter Park, FL 32789
                                                                 407/540-6604
                                                                 Fax: 407/540-6601
                                                                 Email: lreynolds@whww.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Bradley Mitchell Saxton**
                                                                 Winderweedle, Haines, Ward & Woodman, PA
                                                                 329 Park Avenue North, 2nd Floor
                                                                 Winter Park, FL 32789
                                                                 407/246-8672
                                                                 Fax: 407/423-7014
                                                                 Email: bsaxton@whww.com
                                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/08/2023 | 1 | BANKRUPTCY notice of appeal by Don Karl Juravin. Bankruptcy Court case number 6:18-bk-6821-LVV. Filed in Bankruptcy Court on 3/2/2023. (Attachments: # 1 Order Appealed)(LMF) (Entered: 03/10/2023) |
| 03/10/2023 | 2 | NOTICE of docketing bankruptcy record on appeal advising counsel to comply with Rule 8018. Notice of appeal filed in U.S. District Court on 3/8/2023. (LMF) (Entered: 03/10/2023) |
| 03/13/2023 | 3 | CERTIFICATE of interested persons and corporate disclosure statement by Dennis D. Kennedy. (Reynolds, Lauren) (Entered: 03/13/2023) |
| 03/13/2023 | 4 | NOTICE of a related action per Local Rule 1.07(c) by Dennis D. Kennedy. Related case(s): Yes (Reynolds, Lauren) (Entered: 03/13/2023) |
| 03/31/2023 | 5 | CERTIFICATE of interested persons and corporate disclosure statement by Don Karl Juravin. (Attachments: # 1 E-mail)(RLK) (Entered: 03/31/2023) |
| 03/31/2023 | 6 | MOTION for Extension of Time to File initial brief by Don Karl Juravin. (Attachments: # 1 E-mail)(RLK) (Entered: 03/31/2023) |
| 04/13/2023 | 7 | **ORDER REASSIGNING CASE. These cases shall be reassigned to Judge Presnell with his consent to conduct all further proceedings. Signed by Judge Timothy J. Corrigan on 4/13/2023. (KKH)** (Entered: 04/13/2023) |
| 04/14/2023 | 8 | Case Reassigned to Judge Gregory A. Presnell. New case number: 5:23-cv-164-GAP. Judge Timothy J. Corrigan no longer assigned to the case. (LAB) (Entered: 04/14/2023) |
| 04/20/2023 | 9 | **ORDER granting 6 Motion for Extension of Time to File. Initial brief now due April 28, 2023 - see order for updated briefing schedule. Signed by Judge Gregory A. Presnell on 4/20/2023. (BTM)** (Entered: 04/20/2023) |
| 04/26/2023 | 10 | BANKRUPTCY RECORD on appeal consisting of items as designated on transmittal Related document: 1 Bankruptcy Notice of Appeal filed by Don Karl Juravin. (Attachments: # 1 6-18-bk-06821_2 Notice of Appeal, # 2 6-18-bk-06821_3 Order on Appeal, # 3 6-18-bk-06821_4 Appellant Designation, # 4 6-18-bk-06821_5 Appellee Designation, # 5 6-18-bk-06821_6 Public Docket Sheet, # 6 6-18-bk-06821_Docket_000439_ParT_1_Ex_Parte_Motion_to_File_Paper_Under_Seal, # 7 6-18-bk-06821_Docket_000439_ParT_2_proposed_order_on_motion_for_leave_to_file_under_seal, # 8 6-18-bk-06821_Docket_000497_ParT_1_Notice_of_Filing_Inventory_of_items_removed_from_Debtors_home_pursuant_to_Break, # 9 6-18-bk-06821_Docket_000497_ParT_2_Exhibit_Inventory, # 10 6-18-bk-06821_Docket_000502_Order_Granting_Motion_Under_Seal_for_Break_Order_to_Take_Possession_of_Debtor_Pr, # 11 6-18-bk- |

| | | |
|---|---|---|
| | | 06821_Docket_000505_Notice_of_Compliance_with_Break_Order_Filed_by_James_D_Ryan_on_behalf_of_Trustee, # 12 6-18-bk-06821_Docket_000592_Amended_Motion_for_Protective_Order_and_other_relief_Filed_by_Henry_N_Portner_on, # 13 6-18-bk-06821_Docket_000611_Order_Denying_Motion_For_Protective_Order, # 14 6-18-bk-06821_Docket_000619_Notice_of_Appeal, # 15 6-18-bk-06821_Docket_000669_ParT_1_Notice_of_Filing_Transcript_of_Proceedings_on_11-9-2021_Filed_by_Lauren_M_Reynol, # 16 6-18-bk-06821_Docket_000669_ParT_2_Exhibit_Transcript_of_Proceedings, # 17 6-18-bk-06821_Docket_000680_Order_entered_on_March_22_2022_by_District_Court_Judge_Judge_Gregory_A_Presnel, # 18 6-18-bk-06821_Docket_000776_Motion_to_Unseal_Documents_for_Contempt_to_Compel_and_For_Removal_of_Chapter_7, # 19 6-18-bk-06821_Docket_000789_Response_to_Motion_to_Unseal_Documents_for_Contempt_to_Compel_and_for_Removal, # 20 6-18-bk-06821_Docket_000792_Emergency_Motion_to_Extend_Time_to_reply_to_trustees_response_to_Unseal_Documen, # 21 6-18-bk-06821_Docket_000793_Order_Denying_Emergency_Motion_to_Extend_Time_to_reply_to_trustees_response_to, # 22 6-18-bk-06821_Docket_000797_Order_Granting_in_Part_and_Denying_in_Part_Motion_to_Unseal_Documents_for_Conte, # 23 6-18-bk-06821_Docket_000814_Order_Unsealing_All_Pleadings_in_Case, # 24 6-18-bk-06821_Docket_000817_Notice_of_Compliance_with_Unsealing_Order)(Miguenes, Guillermo) (Entered: 04/26/2023) |
| 05/01/2023 | 11 | MOTION to Amend Appeal by Don Karl Juravin. (Attachments: # 1 E-mail)(RLK) (Entered: 05/01/2023) |
| 05/01/2023 | 12 | APPELLANT'S BRIEF by Don Karl Juravin. (Attachments: # 1 E-mail)(RLK) (Entered: 05/01/2023) |
| 05/03/2023 | 13 | **ORDER denying 11 Motion to Amend Appeal. Signed by Judge Gregory A. Presnell on 5/3/2023. (AKC)** (Entered: 05/03/2023) |
| 05/10/2023 | 14 | BANKRUPTCY RECORD on appeal consisting of items as designated on transmittal Related document: 1 Bankruptcy Notice of Appeal filed by Don Karl Juravin. (Attachments: # 1 Order Granting Motion To File Paper Under Seal, # 2 Paper under Seal re: Motion Under Seal for Search Warrants, Writ Ne Exeat Ordering Passport Surrender, # 3 Exhibit 1, # 4 Exhibit 2 part 1, # 5 Exhibit 2 part 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 6A, # 11 Exhibit 7, # 12 Exhibit 8, # 13 Exhibit 9, # 14 Exhibit 10 part 1, # 15 Exhibit 10 part 2, # 16 Exhibit 10 part 3, # 17 Exhibit 10 part 4, # 18 Exhibit 11, # 19 Exhibit 12, # 20 Exhibit 13, # 21 Exhibit 14, # 22 Exhibit 15, # 23 Exhibit 16, # 24 Paper under Seal re: Trustee's Renewed and Supplemental Motion Under Seal)(RMH) (Entered: 05/10/2023) |
| 05/12/2023 | 15 | APPELLEE'S BRIEF by Dennis D. Kennedy. (Reynolds, Lauren) (Entered: 05/12/2023) |
| 05/12/2023 | 16 | APPENDIX re 15 Appellee's brief - bankruptcy by Dennis D. Kennedy. (Reynolds, Lauren) (Entered: 05/12/2023) |
| 09/19/2023 | 17 | **MEMORANDUM AND OPINION and Order. The bankruptcy court's order is AFFIRMED. Clerk is directed to enter judgment for the Trustee. Appellant Don Karl Juravin is directed to show cause within 14 days why sanctions should not be imposed pursuant to FRBP 8020 due to his filing the frivolous appeal. Signed by Judge Gregory A. Presnell on 9/19/2023. (AKC)** (Entered: 09/19/2023) |
| 09/19/2023 | 18 | JUDGMENT entered for the Trustee ( Signed by Deputy Clerk) (ARL) (Entered: 09/19/2023) |
| 10/02/2023 | 19 | NOTICE OF APPEAL as to 17 Memorandum and opinion Set Deadlines, by Don Karl Juravin. Filing fee not paid. (RLK) (Entered: 10/03/2023) |

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

In Re: Don Karl Juravin

DON KARL JURAVIN,

          Appellant,

v.                                    Case No:  5:23-cv-164-GAP

DENNIS D. KENNEDY,

          Appellee.

_____

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court without oral argument on appeal from the United States Bankruptcy Court for the Middle District of Florida. Appellant Don Karl Juravin (the "Debtor") appeals the Bankruptcy Court's Order granting in part and denying in part his *pro se* Motion to Unseal Documents, for Contempt, to Compel, and for Removal of the Chapter 7 Trustee ("Motion"). With the parties' briefing complete (Docs. 12 & 15), the matter is ripe for disposition.

## I.    Background

This appeal arises from the execution of a "break order" in connection with the Debtor's Chapter 7 bankruptcy proceedings. Following difficulties obtaining discovery from the Debtor, the Appellee and Chapter 7 Trustee,

Dennis D. Kennedy (the "Trustee"), filed an ex parte motion for a break order to search the Debtor's home for documents, electronic data, and certain assets that may be part of the bankruptcy estate. The Bankruptcy Court granted that motion, and on May 5, 2021, the Trustee executed the Break Order in the presence of the Debtor's wife, Anna Juravin ("Mrs. Juravin"). *See In re Juravin*, No. 6:21-cv-1922-GAP, 2022 WL 846074, at *1 (M.D. Fla. Mar. 22, 2022). The Trustee filed an inventory with the Bankruptcy Court listing all the items obtained during the execution of the Break Order. *Id.*

Five months later, the Debtor and Mrs. Juravin, through their counsel, filed a motion seeking the removal of the Trustee, the disqualification of his counsel, and a protective order relating to evidence obtained during the execution of the Break Order. *Id.* On October 18, 2021, the Debtor and Mrs. Juravin filed an amended motion seeking the same relief. *Id.* On November 9, 2021, the Bankruptcy Court held a hearing where it heard argument and denied the motion. *See In re Juravin*, 6:18-bk-6821-LVV, Doc. 669-1 at 37 (Br. M.D. Fla. Dec. 29, 2021). Mrs. Juravin appealed the Bankruptcy Court's denial of the motion, and, on March 22, 2022, this Court affirmed the Bankruptcy Court. *See In re Juravin*, 2022 WL 846074, at *1.

Nearly a year later, the Debtor—now proceeding *pro se*—filed the instant Motion. *See* Doc. 12 at 16-24 (Motion filed on January 9, 2023). The Debtor asked

the Bankruptcy Court to unseal the motion for a break order or provide copies to the Debtor, to require the Trustee to file a report detailing the assets he uncovered in executing the Break Order, and to remove the Trustee from the case and disqualify the Trustee's counsel. *Id.* On February 1, 2023, the Bankruptcy Court granted the Debtor's Motion in part, directing the clerk to unseal certain filings and any hearing record related to the Break Order. *Id.* at 40-41. The Bankruptcy Court denied the Debtor's Motion in all other respects, and it directed the Debtor to cease requesting removal of the Trustee or the Trustee's counsel, warning him that it may impose sanctions against him if he fails to comply. *Id.* The Debtor now appeals the Bankruptcy Court's ruling.

## II.    Legal Standard

Bankruptcy court orders removing or denying the removal of the trustee are final, appealable orders. *See In re Walker*, 515 F.3d 1204, 1210–11 (11th Cir. 2008) ("[T]he removal of a bankruptcy trustee is a 'final' order appealable to this Court."); *see also In re Steffen*, No. 8:09-cv-353-JDW, 2011 WL 13174777, at *2 (M.D. Fla. Oct. 12, 2011) (concluding that the Eleventh Circuit's reasoning with respect to orders removing the trustee "applies with equal force to orders denying the removal of a trustee"). Therefore, district courts have jurisdiction to hear appeals of such orders. *See* 28 U.S.C. § 158(a)(1).

A bankruptcy court's denial of a motion to remove a trustee is reviewed for

abuse of discretion. *See In re Steffen*, 2011 WL 13174777, at *3 (citing *In re AFI Holding, Inc.*, 530 F.3d 832, 844 (9th Cir. 2008)). And a bankruptcy court's ruling on employment of counsel is also reviewed for abuse of discretion, as is a bankruptcy court's ruling with respect to sanctions. *See In re Cecil*, 8:12-cv-958-T-27, 2012 WL 3231321, at *2 (M.D. Fla. Aug. 3, 2012) (collecting cases); *In re Adell*, 296 F. App'x 837, 839 (11th Cir. 2008).[1]

A court "abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Torres v. First Transit, Inc.*, 979 F.3d 876, 881 (11th Cir. 2020) (quoting *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010)) (internal quotation marks omitted). "A 'clear error in judgment' is also an abuse of discretion." *Id.* (quoting *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

## III.    Analysis

In yet another frivolous appeal, the Debtor requests relief that both the Bankruptcy Court and this Court have already determined is unwarranted. *See In re Juravin*, 2022 WL 846074. As an initial matter, the Debtor's underlying Motion includes no more than cursory references to the issue that he focuses on in his

---

[1] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36–2.

appeal. In his briefing on appeal, the Debtor focuses on the Bankruptcy Court's alleged refusal to sanction the Chapter 7 Trustee and his attorneys for failing to serve the Debtor with a copy of both the Trustee's Renewed and Supplemental Motion for issuing a "Break Order" and the resulting Break Order. *See* Doc. 12 at 16-24. However, the Debtor's underlying Motion focused on two different requests: (1) that the Court unseal the Trustee's Renewed and Supplemental Motion for issuing a "Break Order"—a request which the Court *granted*—and (2) that the Court remove the Trustee and his counsel. *See id.*; *see also* Doc. 1-1 at 5-6.

The Debtor's shift in focus on appeal seemingly relates to the Bankruptcy Court's direction that the Debtor "cease requesting removal of the Trustee or Trustee's counsel" and statement that, if he failed to comply, the Bankruptcy Court "may impose sanctions against the Debtor, including but not limited to, attorney's fees and costs." *Id.* at 6; *see also* Doc. 12 at 11. The Debtor also takes issue with this warning in his briefing; specifically, he asserts that the "Bankruptcy Court not only failed to impose a warranted sanction against a party, it then found a way to threaten the party seeking relief." Doc. 12 at 5, 10.

The Debtor's appeal is meritless. Assuming the Debtor preserved the arguments he raises on appeal,[2] the Bankruptcy Court did not abuse its discretion

---

[2] "[I]f the record reflects an issue was presented in a cursory manner and never properly presented to the Bankruptcy Court, the issue is not preserved for appeal." *In re Monetary Grp.*, 91

when it chose not to impose sanctions against the Trustee or his counsel and instead reprimanded the Debtor for again seeking their removal. As even the Debtor recognizes, the Bankruptcy Court has significant discretion in determining whether (or not) to impose sanctions. *See* Doc. 12 at 12; *In re Adell*, 296 F. App'x at 839–40.

"The bankruptcy court's power to sanction 'must be exercised with restraint and discretion.'" *In re Adell*, 296 F. App'x at 839 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991)). Here, the Bankruptcy Court appropriately exercised restraint and discretion when it declined to sanction the Trustee and his counsel and reprimanded the Debtor. This is particularly true considering (1) that the Bankruptcy Court unsealed the Trustee's Renewed and Supplemental Motion for issuing a "Break Order," as well as the record of any hearing related to it, at the Debtor's request, [3] and (2) that the Bankruptcy Court and this Court have previously denied the Debtor's request for the removal of the Trustee and his counsel. Given the circumstances, the Bankruptcy Court clearly did not abuse its discretion. [4]

---

B.R. 138, 140 (M.D. Fla. 1988) (citing *In re Espino*, 806 F.2d 1001, 1002 (11th Cir. 1986)).

[3] It is worth noting that the Bankruptcy Court's granting of this request was magnanimous, especially considering the Trustee's evidence, which appears to demonstrate that counsel for the Trustee emailed copies of the Trustee's Renewed and Supplemental Motion for issuing a Break Order and the resulting Break Order to the Debtor's prior counsel the day after the Break Order was executed. *See* Doc. 10-19 at 8-10 (Email from Lauren Schindler to Aldo Bartolone dated May 6, 2021) and Doc. 10-11 (Trustee's Notice of Compliance with Break Order [502], dated May 17, 2021).

[4] The Debtor's instant appeal constitutes another "abusive and frivolous filing" stemming from his underlying bankruptcy proceeding in 6:18-bk-06821-LVV. *See In re: Vexatious Litigants in*

## IV.    Conclusion

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Bankruptcy Court's Order is **AFFIRMED**. The Clerk is hereby **ORDERED** to enter judgment for the Trustee.

Additionally, the Debtor is **ORDERED** to show cause as to why sanctions should not be imposed pursuant to <u>Federal Rule of Bankruptcy Procedure 8020</u> due to his filing of this frivolous appeal. The Debtor shall file a written response within fourteen days of the date of this order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 19, 2023.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

*the Orlando Division*, 6:23-mc-03-RBD, at 1. The Debtor is reminded that this Court "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others," *id.* (quoting *Procup v. Strickland*, <u>792 F.2d 1069, 1074</u> (11th Cir. 1986)), and is "authorized to restrict access to vexatious and abusive litigants." *Id.* (quoting *Brewer v. United States*, <u>614 F. App'x 426, 427</u> (11th Cir. 2015)).

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

In Re: Don Karl Juravin

DON KARL JURAVIN,

        **Appellant,**

v.                                                **Case No: 5:23-cv-164-GAP**

DENNIS D. KENNEDY,

        **Appellee.**

_____

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**   This action came before the Court and a decision has been rendered.

     **IT IS ORDERED AND ADJUDGED**

     Judgment is entered for the Trustee.

**Any motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida.**

Date: September 19, 2023

                           ELIZABETH M. WARREN,
                           CLERK

                           s/AL, Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1.    **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

     (a)    **Appeals from final orders pursuant to <u>28 U.S.C. Section 1291</u>**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under <u>28 U.S.C. Section 158</u>, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." <u>Pitney Bowes, Inc. V. Mestre</u>, <u>701 F.2d 1365, 1368</u> (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. <u>28 U.S.C. Section 636(c)</u>.

     (b)    **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under <u>Fed.R.Civ.P. 54(b)</u>, <u>Williams v. Bishop, 732 F.2d 885, 885-86</u> (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. <u>Budinich v. Becton Dickinson & Co.</u>, <u>486 U.S. 196, 201</u>, <u>108 S. Ct. 1717, 1721-22</u>, <u>100 L.Ed.2d 178</u> (1988); <u>LaChance v. Duffy's Draft House, Inc.</u>, <u>146 F.3d 832, 837</u> (11th Cir. 1998).

     (c)    **Appeals pursuant to <u>28 U.S.C. Section 1292(a)</u>**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

     (d)    **Appeals pursuant to <u>28 U.S.C. Section 1292(b)</u> and <u>Fed.R.App.P.5</u>**: The certification specified in <u>28 U.S.C. Section 1292(b)</u> must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

     (e)    **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: <u>Cohen V. Beneficial Indus. Loan Corp.</u>, <u>337 U.S. 541,546</u>,<u>69 S.Ct. 1221, 1225-26</u>, <u>93 L.Ed. 1528</u> (1949); <u>Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc.</u>, <u>890 F. 2d 371, 376</u> (11th Cir. 1989); <u>Gillespie v. United States Steel Corp.</u>, <u>379 U.S. 148, 157</u>, <u>85 S. Ct. 308, 312</u>, <u>13 L.Ed.2d 199</u> (1964).

2.    **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Rinaldo v. Corbett</u>, <u>256 F.3d 1276, 1278</u> (11th Cir. 2001). In civil cases, <u>Fed.R.App.P.4(a)</u> and (c) set the following time limits:

     (a)    **<u>Fed.R.App.P. 4(a)(1)</u>**: A notice of appeal in compliance with the requirements set forth in <u>Fed.R.App.P. 3</u> must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

     (b)    **<u>Fed.R.App.P. 4(a)(3)</u>**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

     (c)    **<u>Fed.R.App.P.4(a)(4)</u>**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

     (d)    **<u>Fed.R.App.P.4(a)(5)</u> and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

     (e)    **<u>Fed.R.App.P.4(c)</u>**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with <u>28 U.S.C. Section 1746</u> or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.    **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See also</u> <u>Fed.R.App.P. 3(c)</u>. A <u>pro se</u> notice of appeal must be signed by the appellant.

4.    **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in <u>Fed.R.App.P. 4(a)(4)</u>.